**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

KENNETH FRANKLIN                                                                           PLAINTIFF

V.                                         No. 4:16CV00125-JM-JTR

DON DODSON                                                                                  DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following Proposed Findings and Recommended Disposition ("Recommendation") have been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Discussion**

On March 7, 2016, Plaintiff Kenneth Franklin initiated this *pro se* civil action, *Docs. 2 & 3*, and filed a Motion for Leave to Proceed *In Forma Pauperis*, *Doc. 1*. The case has been referred for recommended disposition. *Doc. 4*.

A plaintiff who wishes to proceed *in forma pauperis* cannot bring an action

that: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 US. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted if, after taking all facts alleged as true, there are not "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Although *pro se* complaints are to be liberally construed, "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *see also* Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief").

In his pleadings,[1] Mr. Franklin complains that "a Federal Judge" in El Dorado "has not transferred my Trust Fund ... over to me in AR State Court" and that "time has run out to settle the estate and my interest in 960 acres and mineral rites [sic]." He also asserts that he "would like Mr. Randolph Baltz to handle just getting a SSI check at this time and transfer my Trust to Bank of the Ozark." *Doc. 2*. Finally, Mr. Franklin asks this Court to reopen an unspecified case from the "Federal Court in El Dorado"

---

[1] Franklin filed two documents, each entitled "Memo," which have been liberally construed as setting forth his claims. *Docs. 2 & 3.*

and transfer it to Little Rock or Fort Smith for "possible criminal charges in these matters of stolen land and Trust at Farmers Bank in Magnolia." *Doc. 3*.

The Court has carefully considered Mr. Franklin's *pro se* filings and finds that his claims are legally frivolous or fail to state a claim upon which relief can be granted.

First, Mr. Franklin's papers contain *no* allegations against the only named Defendant, Don Dodson, who is mentioned *only* in the caption of Mr. Franklin's Motion for Leave to Proceed *In Forma Pauperis*. Thus, Mr. Franklin has failed to state a claim against Mr. Dodson.

Second, this Court has no authority to "reopen" a case from the Western District of Arkansas, to transfer a case from the Western District to this Court, or to order a Western District judge or any individual to "transfer" assets involved in a Western District case.[2]

Similarly, Mr. Franklin provides no basis for this Court to intervene in a probate matter in state court. The so-called "probate exception [to federal subect matter jurisdiction] reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate," and also "precludes federal courts from

---

[2]This Court was unable to locate a Western District case involving Mr. Franklin and any of the other individuals mentioned (Susan Franklin Stevens, Mary Odessa Franklin, and Farmers Bank & Trust in Magnolia).

endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006).

Next, in the absence of a pending Social Security case in the Eastern District of Arkansas, this Court has no authority to appoint Mr. Baltz, or any other attorney, to represent Mr. Franklin in seeking to "[get] a SSI check."[3]

Finally, Mr. Franklin's conclusory filings allege no grounds for federal court jurisdiction. *See* Fed. R. Civ. P. 8(a)(1); 28 U.S.C. § 1331 ("federal question" jurisdiction over actions arising "under the Constitution, laws, or treaties of the United States"), § 1332 ("diversity" jurisdiction over actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000).[4]

## II. Conclusion

Accordingly, the Court recommends that:

1.   This civil action be DISMISSED in its entirety, without prejudice, under

---

[3] In July 1998, Mr. Franklin filed a *pro se* case, in the Western District, appealing the administrative denial of Social Security benefits. On September 11, 1998, the case was dismissed with prejudice. *Franklin v. SSA*, W.D. Ark. No. 1:98-cv-01078-HFB.

[4] The Court notes that Mr. Franklin has another pending civil action in the Eastern District of Arkansas, raising allegations that are similar in some respects to those advanced in this action. *Franklin v. Arkansas State of Confusion*, No. 4:16-cv-00132-DPM-BD. In that case, Mr. Franklin has been directed to file an Amended Complaint by April 15, 2016, clarifying his claims and establishing a basis for federal jurisdiction. *Id. doc. 17*. The recommended dismissal of this case in no way affects Mr. Franklin's right to amend in Case No. 4:16-cv-00132-DPM-BD.

28 U.S.C. § 1915(e)(2)(B); and

      2.     Mr. Franklin's Motion for Leave to Proceed *In Forma Pauperis*, *Doc. 1*, be DENIED as moot.

      DATED THIS 6th DAY OF April, 2016.

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE